UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



FILED
APR 23 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Chase Carmen Hunter, )
 )
Plaintiff, )
 )
v. ) Civil Action No. 14-707
 )
Barack Hussein Obama, )
 )
Defendant. )

MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff sues President Barack Obama "in his official capacity as President of the United States of America." Compl. Caption. She seeks declaratory and injunctive relief of a general nature. *See, e.g.*, Compl. ¶ 85 (requesting a temporary restraining order "that immediately enjoins every person and every entity from further violations of the law . . . .").

Plaintiff is a Virginia resident; she claims to be "a licensed insurance agent who is licensed to transact insurance in about forty-seven . . . states." Compl. ¶ 3. Plaintiff alleges that she "is a victim of federal crimes as set forth [in the complaint]," *id.* ¶26, but the alleged criminal acts appear to stem from state regulators' preventing her from "offering a specific insurance product to the United States consumers," namely, "liability insurance for people who own dogs."

*Id.* ¶ 7; *see id.* ¶¶ 8-17. Plaintiff also seems to fault the courts, including the U.S. Supreme Court, for allegedly denying her the right to seek redress. *See id.* ¶ 18.

Other than asserting that the President "is directed by the United States Constitution to, *inter alia*, 'take Care that the Laws be faithfully executed', " *id.* ¶ 27, and seeking a declaratory judgment stating so, *see id.* ¶ 87, plaintiff does not discuss President Obama or his administration in the prolix complaint. Regardless, plaintiff's official-capacity lawsuit is effectively against the United States, and the complaint does not cite any statutory grant of jurisdiction to overcome sovereign immunity. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (explaining that without a specific waiver, the federal government and its agencies are protected from suit by the doctrine of sovereign immunity); *Roum v. Bush*, 461 F. Supp. 2d 40, 45 (D.D.C. 2006) ("In plain English, sovereign immunity means that citizens . . . cannot sue the federal government, agencies of the federal government, or employees of the federal government for acts they perform in their official capacities, unless the federal government has expressly agreed to be sued."). Hence, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: April 8, 2014

/s/ Rosemary M. Collyer
United States District Judge