FILED
JUL - 7 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHASE CARMEN HUNTER, | ) | Case No.1:14-cv-00707-UNA |
| PLAINTIFF, | ) | |
| v. | ) | VERIFIED MOTION FOR RELIEF FROM ORDER DATED JUNE 26, 2014, FILED JUNE 30, 2014, AND ENTERED ON JULY 1, 2014. |
| BARACK HUSSEIN OBAMA, II | ) | |
| IN OFFICIAL CAPACITY AS PRESIDENT | ) | |
| OF THE UNITED STATES OF AMERICA, | ) | |
| DEFENDANT. | ) | |
| | ) | |

## VERIFIED MOTION

The Plaintiff respectfully requests that the Court grant plaintiff's Verified Motion For Relief From Order Dated June 26, 2014, Filed on June 30, 2014, and Entered on July 1, 2014.

The Plaintiff is filing a MEMORANDUM IN SUPPORT OF PETITIONER'S MOTION FOR RELIEF FROM ORDER DATED JUNE 26, 2014, FILED ON JUNE 30, 2014, AND ENTERED ON JULY 1, 2014.

Respectfully Submitted,

_ce/tth_
Chase Carmen Hunter
PO Box 42252
Fredericksburg, VA 22404
Phone: 707-706-3647
Fax: 703-997-5999

RECEIVED
JUL -7 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia


RECEIVED
Mail Room
JUL - 7 2014
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

Chase_Hunter@Yahoo.com
Plaintiff, pro se

## VERIFICATION

I, Chase Carmen Hunter, HEREBY VERIFY, under penalty of law and penalty of perjury, that the facts in the above Verified Motion For Relief From Order Dated June 26, 2014, Filed on June 30, 2014, and Entered on July 1, 2014, are true and accurate. **WHEREFORE** the Plaintiff respectfully enters her testimony into this record.

_____     _____
Chase Carmen Hunter              Date
                                 7/3/14

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHASE CARMEN HUNTER, ) | Case No.1:14-cv-00707-UNA |
| PLAINTIFF, ) | VERIFIED MEMORANDUM IN |
| v. ) | SUPPORT OF MOTION FOR |
| BARACK HUSSEIN OBAMA, II ) | RELIEF FROM ORDER DATED |
| IN OFFICIAL CAPACITY AS PRESIDENT ) | JUNE 26, 2014, AND FILED ON |
| OF THE UNITED STATES OF AMERICA, ) | JUNE 30, 2014, AND ENTERED |
| DEFENDANT. ) | ON JULY 1, 2014 |
| ) | |

**VERIFIED MEMORANDUM IN SUPPORT**

This Court entered an order at Dk 13 denying relief from the order dated April 8, 2014, at Dk 5.

The Court's opinion at Dk 4 explains that Hunter is barred from suing this Defendant due to his alleged sovereign immunity. The Court's opinion cites FDIC v. Meyer, 510 U.S. 471, 475 (1994) and Roum v. Bush 461 F.Supp. 2d 40, 45 (D.D.C. 2006). But FDIC v. Meyer and Roum v. Bush do not apply to the issues raised by Hunter's Complaint. In FDIC v. Meyer and in Roum v. Bush, the plaintiffs sued for damages under the Federal Tort Claim Act ("FTCA"). See FDIC v. Meyer, 510 U.S. (1994) and Roum v. Bush 461 F.Supp. 2d (D.D.C. 2006). The Plaintiff's "Complaint" does not seek damages and does not rely upon the FTCA. See Dk 1

RECEIVED
Mail Room

JUL - 7 2014

Angela D. Caesar, Clerk of Cou
U.S. District Court, District of Colu

The Court's opinion at Dk 13 states that the Complaint is rightfully dismissed only because "defendant [who] enjoys immunity from suit," and no legal basis in support of this statement is given. This statement is false. Here are some of the reasons why this statement is false:

1) Hunter's "Complaint" is a Petition for a Declaratory Judgment and was filed under 28 U.S.C. §§ 2201-2202. See Dk 1 ¶ 25, p 7. 28 U.S.C. § 2201 does not prohibit Hunter from seeking this declaratory judgment against this Defendant.

2) 28 U.S.C. § 2401(a) states that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years…" 28 U.S.C. § 2401(b) states that "[a] tort claim against the United States shall be forever barred…"

3) Obviously, this "civil action" is explicitly permitted by the U.S. Code. The U.S. Code distinguishes between a "civil action" and a "tort claim"; and a "civil action" is not forever barred. Therefore, Hunter's "civil action" lawsuit against this Defendant is not barred by immunity.

4) There are currently several lawsuits pending in the United States District Court for the District of Columbia ("USDCDC") against this Defendant including the following lawsuits:

      a. 1:14-cv-00055

      b. 1:14-cv-00092

      c. 1:14-cv-00262

      d. 1:14-cv-00406

      e. 1:14-cv-01069

5) Judge James E. Boasberg is the judge assigned to USDCDC case 1:14-cv-1069 and is also the same judge who signed the order shown at Dk 13 in this case. Judge Boasberg has not dismissed USDCDC case 1:14-cv-1069 and it is currently pending.

6) The order shown at Dk 13 states that "relief under Rule 60(b)(6) should be granted only if the moving party demonstrates "'extraordinary circumstances' justifying the reopening of a final judgment.' <u>Salazar ex rel. Salazar v. District of Columbia</u>, 633 F.3d 1110,1116(D.C. Cir 2011)(quoting <u>Gonzales v. Crosby</u>, 545 U.S. 524, 534(2005))" But <u>Gonzales v. Crosby</u> does not apply in this case. In <u>Gonzales v. Crosby</u>, Gonzales filed an untimely habeas corpus petition in the United States District Court which was dismissed as untimely, and Gonzales did not appeal. <u>Id</u>. Later, the Supreme Court of the United States ("SCOTUS") entered a ruling in <u>Artuz v. Bennett</u>, 531 U.S. 4, that changed tolling under the federal statute of limitations. <u>Id</u>. Gonzales filed a motion under Rule 60(b)(6) in an attempt to reopen his untimely habeas corpus petition based on the ruling in <u>Artuz</u>. The SCOTUS held that "the change in law

worked by <u>Artuz</u> is not an "extraordinary circumstance" [to reopen an final order in an untimely habeas corpus petition that had not been appealed] justifying relief under Rule 60(b)(6). See <u>Gonzales v. Crosby</u>, 545 U.S. 524, 534(2005).

7)   In this lawsuit, the filing of the lawsuit was not untimely. The Rule 60(b)(6) motion was promptly filed within less than two months after the order shown at Dk 5 was entered. Therefore, there is no requirement, <u>under Gonzales v. Crosby</u>, that the Plaintiff establish an extraordinary circumstance in support of her Rule 60(b)(6) motion.

8)   In <u>Salazar ex rel. Salazar v. District of Columbia</u>, a Rule 60(b)(6) motion was filed nineteen months after the Dental Order was entered. The district court concluded that relief under Rule 60(b)(6) was unwarranted becase the District government had identified no "exceptional or extraordinary circumstances". <u>Salzar v. District of Columbia</u>, 685 F.Supp.2d 71,75(D.D.C.2010).

9)   In this lawsuit, the filing of the Rule 60(b)(6) motion was not unreasonable. The Rule 60(b)(6) motion was promptly filed within less than two months after the order shown at Dk 5 was entered. Therefore, there is no requirement, <u>under Salazar ex rel. Salazar v. District of Columbia</u>, that the Plaintiff establish an extraordinary circumstance in support of her Rule 60(b)(6) motion.

10) In USDCDC case 1:14-cv-00406, a pro se plaintiff's motion for a password for CM/ECF was granted. Yet, the order at Dk 13 capriciously and without explanation denied Hunter's same motion. Hunter is indigent and she is capable of electronic filing. Further, Hunter has filed many documents in this lawsuit that were not filed by the clerk until after Hunter mailed them repeatedly to the clerk of this court. It is in the interest of fairness that Hunter should be given a password for CM/ECF.

WHEREFORE, Hunter prays that this Court grant relief of the ORDER DATED JUNE 26, 2014, FILED JUNE 30, 2014, AND ENTERED JULY 1, 2014, and give Hunter an opportunity to exercise her right to amend her "Complaint".


Respectfully Submitted,


_____
Chase Carmen Hunter
PO Box 42252
Fredericksburg, VA 22404
Phone: 707-706-3647
Fax: 703-997-5999
Chase_Hunter@Yahoo.com
Petitioner, pro se


## VERIFICATION

I, Chase Carmen Hunter, HEREBY VERIFY, under penalty of law and penalty of perjury, that the facts in the above Verified Memorandum In Support of Motion For Relief From Order Dated June

26, 2014, Filed June 30, 2014, and Entered July 1, 2014, are true and accurate. **WHEREFORE** the Petitioner respectfully enters her testimony into this record.

_____   _7/3/14_
Chase Carmen Hunter                    Date